O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK LEE JACKSON,<br><br>            Petitioner,<br><br>   vs.<br><br>DEBRA HERNDON, Warden,<br><br>            Respondent. | CASE NO. CV 09-01145 RSWL (RZ)<br><br>ORDER TO SHOW CAUSE |

       The Court issues this Order To Show Cause because Petitioner has – or, at the time he commenced this action, had – a pending state-court habeas proceeding that, the Court suspects, could moot this action at least in part if he obtains relief therein.

       State prisoners seeking to challenge their convictions or sentences by way of a federal habeas petition must first exhaust state judicial remedies, by giving to the highest state court a fair opportunity to rule on the merits of each issue they wish to raise in federal court. 28 U.S.C. § 2254(b), (c). The exhaustion requirement, "grounded in principles of comity," *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991), is "principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

If a petitioner has post-conviction proceedings pending in state court, the federal exhaustion requirement is not satisfied. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *see also Belbin v. Picard*, 454 F.2d 202, 204 (1st Cir. 1972) (rejecting federal habeas relief where petitioner's state-court challenge to his conviction was still pending) ("We cannot too strongly condemn the practice of proceeding with post trial relief in two courts simultaneously . . . ."). A would-be federal habeas petitioner generally must await the outcome of any pending state-court challenges to his state conviction before proceeding in federal court, even if the issue he plans to raise in federal court has been finally settled in state court, and hence seemingly exhausted. *See Sherwood*, 716 F.2d at 634. Even if the pending state proceedings cannot resolve a federal constitutional issue raised in the federal petition, those state proceedings nevertheless may result in a reversal of the conviction for some other reason, thereby rendering the federal petition moot. *Id.* (citations omitted).

Finally, a petitioner may not complete the exhaustion process in state court after filing a then-unexhausted federal petition, because –

> [t]he appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for hearing in the district court or court of appeals. Whether [Petitioner] currently has any state remedies available to him may be raised when and if [Petitioner] files another habeas petition in the district court.

*Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999) (citations omitted) (*quoting Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993) (*per curiam*)); *accord*, *Domaingue v. Butterworth*, 641 F.2d 8, 14 (1st Cir. 1981) (declining to take judicial notice of state court decision allegedly establishing exhaustion, rendered after filing of federal habeas petition that was unexhausted at time of filing).

Here, according to public records of which the Court takes judicial notice, Petitioner had a pending habeas corpus petition in the California Supreme Court – filed in November 2008 – when he commenced this action in February 2009. *See docket in In re Jackson*, No. S167998 (Cal. Supreme Ct.) (petition filed November 3, 2008). The Court cannot discern from the public docket in that case whether *this* case would be mooted in whole or in part if the California Supreme Court grants the petition, although the Court suspects that such is true. If so, then this Court thus could not proceed without offending the *Sherwood* doctrine. The federal courts must respect the possibility that Petitioner will obtain relief on his pending state petition. 716 F.2d at 634.

For the foregoing reasons, the Court ORDERS Petitioner to show cause, within 21 days and in a written response not to exceed five pages in length, why this action should not be dismissed without prejudice pursuant to the *Sherwood* doctrine.

IT IS SO ORDERED.

DATED: March 16, 2009

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE